## Charles S. Potts v. Irvin J. Griesemer, Appellant.

*Will—Rule in Shelley's Case—Fee simple estate.*

Testator declared that it was his desire that all his children should receive "equal shares with each other" in his estate. He further directed: "To my son, C., I give and bequeath the homestead on which I now reside, together with a tract of land which I purchased from Z. . . . I also give my son C. a tract of woodland on Monocacy Hill, . . . . rated and valued to my said son at $200. The farm to be reckoned to him at $4,800. My said son C. shall pay annually to my beloved wife the sum of fifty dollars." Similar devises with similar charges were made to F. "The real estate bequeathed to my sons F. and C. shall be for their use and support during their natural lives, and at their death shall descend to their children, if any; if no children, then to descend to the brothers and sisters and their children." Devises of absolute estates were made to the daughters with similar charges. *Held,* that C. took an estate in fee simple in the land devised to him.

Argued March 4, 1896. Appeal, No. 261, Jan. T., 1896, by defendant, from judgment of C. P. Berks Co., Jan. T., 1896, No. 107, for plaintiff on case stated. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

Lewis Potts by his will devised the land in question as follows:

"To my son, Charles Potts, I give and bequeath the homestead on which I now reside, together with a tract of land which I purchased from William Zerr. . . . I also give my son Charles a tract of woodland on Monocacy Hill, . . . . rated and valued to my said son at $200. The farm to be reckoned to him at $4,800. My said son Charles shall pay annually to my beloved wife the sum of fifty dollars. . . .

"The real estate bequeathed to my sons, Francis and Charles, shall be for their use and support during their natural lives, and at their death shall descend to their children, if any; if no children, then to descend to the brothers and sisters and their children."

The testator also directed that it was his desire that all his children should receive "equal shares with each other" in his estate.

ENDLICH, J., filed the following opinion:

The question to be determined upon this case stated is whether the will of Lewis Potts, proved March 12, 1889, gave to his son Charles a fee simple in the land therein devised to him or not.

The provisions of the will bearing upon this question are in part the same, and, as to the rest, entirely of the same effect as those discussed in the opinion just filed in Potts v. Kline, C. P. Berks county, No. 19, October T., 1895, supra, 513. The reasons there given require the same decision to be made here.

And now, to wit, February 10, 1896, judgment is entered for plaintiff upon the case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*H. R. Keiser, J. Frederick Hartgen* with him, for appellant.

*Stephen M. Meredith,* for appellee.

PER CURIAM, March 27, 1896 :

The judgment in this case is affirmed on the opinion of the learned court below.